# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

IN RE

MELINDA E. GRIFFEY,

Debtor.

09-CV-54-LRR

**ORDER**

_____

## I. INTRODUCTION

The matter before the court is the "Trustee's Motion to Dismiss Notice of Appeal" ("Motion") (docket no. 3), which was filed by Chapter 7 Bankruptcy Trustee Renee K. Hanrahan ("the Trustee").

## II. RELEVANT PROCEDURAL BACKGROUND

On April 3, 2009, Appellant Melinda E. Griffey filed a Notice of Appeal ("Notice") (docket no. 1). Appellant appeals various orders entered in her Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Iowa ("Bankruptcy Court"). *See In re Griffey*, No. 08-02425 (filed Nov. 3, 2008).

On May 15, 2009, the Trustee filed the Motion. Appellant did not file a resistance to the Motion, and the time to do so has expired.

## III. ANALYSIS

In the Motion, the Trustee asks the court to dismiss this appeal because Appellant's Notice is untimely. The orders Appellant seeks to appeal were entered by the Bankruptcy Court on March 18, 2009. Appellant did not file the Notice until April 3, 2009 and did not file a motion with the Bankruptcy Court to extend the time for filing the Notice.

Bankruptcy Rule 8002(c)[1] provides: "The notice of an appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a); *see, e.g., Veltman v. Whetzal*, 93 F.3d 517, 521 (8th Cir. 1996) ("An appeal from a bankruptcy court to a district court must be made by filing a notice of appeal with the clerk within ten days of the entry of that order."). It is clear that Appellant filed the Notice after the expiration of this ten-day period. As a result, the court lacks subject matter jurisdiction to review the Bankruptcy Court's March 18, 2009 orders. *Veltman*, 93 F.3d at 521. The fact that the Bankruptcy Court served its order by mail does not entitle Appellant to additional time: "the time for appeal starts to run from the entry of the order and no service of the order or notice of its entry is necessary to start the running of that time." *Goff v. Pfau*, 418 F.2d 649, 654 (8th Cir. 1969); *see In re Schimmels*, 85 F.3d 416, 420 n.4 (9th Cir. 1996) ("It is well established through case authority that Bankruptcy Rule 9006(f) does not apply to the ten-day appeal period of Bankruptcy Rule 8002(a)." (Citation omitted.)). Although this rule may appear especially harsh when a pro se debtor is involved, it is settled that "[i]t is the litigant's affirmative duty to monitor the court's docket." *Brown v. Zerek*, No. 98-5097, 1998 WL 738340, *1 (10th Cir. Oct. 22, 1998). Accordingly, the court must dismiss this appeal.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion (docket no. 3) is **GRANTED**, and the instant action is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

---

[1] The Federal Rules of Bankruptcy "apply to all appeals from the United States Bankruptcy Courts for the Northern and Southern Districts of Iowa to the United States District Courts for the Northern and Southern Districts of Iowa." LR 8001.

**IT IS SO ORDERED.**

**DATED** this 4th day of June, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA